FILED
LAL
JUN 16 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION

MICHAEL RODGERS, MARLENE SPENCER- )
RODGERS AND MARK SPENCER, by and )
Through Marlene Spencer-Rodgers, his guardian )
Ad Litem, )
           Plaintiffs, )   05C 3540
vs. )   No.   JUDGE HIBBLER
 )
JIMINEZ ALLEN, FRANK JONES, GREGORY )
MOORE, CASSIUS PATES, JACK BRIDSON, )   MAGISTRATE JUDGE ASHMAN
ANTHONY GATEWOOD, MIGUEL HERERRA, )
TONY LUCIANO, ZARROD BECK, KEVIN )
BARNETT, R. COLLINS, C. O'NEAL, K. DAVIS, )
R. BLASS, T. RAJCEVICH, FIRE CHIEF )
HARVEY and THE VILLAGE OF BELLWOOD. )

## COMPLAINT

NOW COME the Plaintiffs, MICHAEL RODGERS, MARLENE SPENCER-RODGERS AND MARK SPENCER, by and through his guardian ad Litem, Marlene Spencer-Rodgers, by and through their attorneys, STEPHEN C. DEBBOLI of the firm of Serpico, Novelle, Petrosino & Rascia, Ltd. and PETER J. HICKEY, of the firm of Hickey and Nemzin and complaining of the defendants, JIMINEZ ALLEN, FRANK JONES, CASSIUS, PATES, JACK BRIDSON, ANTHONY GATEWOOD, MIGUEL HERERRA, TONY LUCIANO, ZARROD BECK, KEVIN BARNETT, R. COLLINS, C. O'NEAL, K. DAVIS, R. BLASS, T. RAJCEVICH, FIRE CHIEF HARVEY and THE VILLAGE OF BELLWOOD, allege and say as follows:

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and The Civil Rights Act of 1871 (42 USC Section 1983, et sec) and supplemental claims pursuant to 28 USC Section 1367. This Court has jurisdiction under and by virtue of 28 UCS Sections 1343 and 1331.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

2. Venue is founded in this juridical Court upon 28 UCS Section 1391 as the acts complained of arose in this District.

## PARTIES

3. At all times herein mentioned, Michael Rodgers, was a citizen of the United States, and resided within the jurisdiction of this Court.

4. At all times herein mentioned, Marlene Spencer-Rodgers, was a citizen of the United States, and resided within the jurisdiction of this Court.

5. At all times herein mentioned, Mark Spencer was a citizen of the United States, and resided within the jurisdiction of this Court.

6. At all times mentioned, Jiminez Allen, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

7. At all times mentioned, Frank Jones, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

8. At all times mentioned, Gregory Moore, was a police officer, employed by the Village of Bellwood, acting under the State Law as the employee, agent and representative of the Village of Bellwood.

9. At all times mentioned, Cassius Pates, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

10. At all times mentioned, Jack Bridson, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

11. All times mentioned, Anthony Gatewood, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

12. At all times mentioned, Miguel Hererra, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

13. At all times mentioned, Tony Luciano, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

14. At all times mentioned, Zarrod Beck, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

15. At all times mentioned, Kevin Barnett, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

16. At all times mentioned, R. Collins, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

17. At all times mentioned, C. O'Neal, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

18. At all times mentioned, K. Davis, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600


19. At all times mentioned, R. Blass, was a police officer, employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

20. At all times mentioned, T. Rajcevich, was acting as a police officer and employed by the Village of Bellwood, acting under color of State Law as the employee, agent and representative of the Village of Bellwood.

21. At all times mentioned, Fire Chief Harvey, was employed by the Village of Bellwood, acting under color of State Law as the employee, agent and for representative of the Village of Bellwood.

22. At all times mentioned, the Village of Bellwood was a political subdivision of the State of Illinois existing as such under the laws of the State of Illinois, and at all times relevant, maintained, managed and/or operated the Village of Bellwood Police Department and Village of Bellwood Fire Department.

## FACTS

23. In 2003, Michael Rodgers was employed as a Deputy Sheriff by the County of Cook and resided at 127 Granville, Bellwood, Illinois with his wife, Marlene Spencer Rodgers and her sons, Mark Spencer and Sean Spencer.

24. In April of 2003, unknown persons had shot out the front window of the home where plaintiffs resided and the plaintiffs, Mr. & Mrs. Rodgers called the Bellwood police and reported this incident and requested additional police protection and increased police patrol because they suspected they were going to be the victims of gang violence as a result of some dispute between some gang member and Marlene Spencer's son, Sean Spencer.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.
ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

25. On June 1, 2003, Cedric Ashford, the individual with whom Sean Spencer was believed to have had a dispute was shot to death on the 1100 block of 23rd Avenue in Bellwood, Illinois.

26. Bellwood police suspected that Sean Spencer may have been involved in the shooting death of Cedric Ashford.

27. Sean Spencer was arrested in Bolingbrook, Illinois on or about June 3, 2003 and all times mentioned hereinafter was in custody in the Will County jail.

28. In early June 2003, Michael Rodgers and Marlene Spencer Rodgers were interviewed by Bellwood police including Jiminez Allen, Jack Bridson and Tony Gatewood regarding their knowledge as to Sean Spencer's possible involvement in the shooting and murder of Cedric Ashford. Michael Rodgers and Marlene Spencer Rodgers denied any knowledge of Sean Spencer's involvement; but expressed extreme concern for their safety and their son Mark Spencer's safety based on a fear that Cedric Ashford's friends and/or associates may retaliate against them based on rumors that Sean Spencer had been involved in his death.

29. In early June 2003, Michael Rodgers and Marlene Spencer Rodgers called the Bellwood police department on numerous occasions and requested police protection and additional police patrols and indicated that they had heard rumors that Cedric Ashford's friends and associates were going to retaliate against them based on the rumors that Sean Spencer had been involved in the death of Cedric Ashford and were going to invade their home and cause them bodily harm.

30. On or about June 6, 2003, Jiminez Allen, Jack Bridson and Tony Gatewood at about 7:00 am appeared at the home of the plaintiffs and asked to search the plaintiff's home. Michael Rodgers and Marlene Spencer Rodgers told the defendants, Jiminez Allen, Jack Bridson and Tony Gatewood that they had already

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

searched Sean Spencer's room and that there was nothing there and asked them if they had a warrant and were told that they did not have a warrant and subsequently told the defendants that they could not search. The three defendants then left.

31. Approximately 10 or 15 minutes later Michael Rodgers called the Bellwood police department and advised the police department that he and his wife had changed their mind and that the police officers could return and conduct a search without a warrant.

32. The defendants, Jiminez Allen, Jack Bridson and Tony Gatewood decided not to return and search the premises without a warrant.

33. On the morning of June 17, 2003, Jiminez Allen applied and received a search warrant for the plaintiff's home from Judge Gerald Kinney of the Circuit Court of Will County.

34. The defendant Gregory Moore, Chief of the Bellwood Police Department approved Jiminez Allen's plan to apply for and obtain the search warrant from the Circuit Court of Will County and approve the plan to execute that warrant in the early morning hours of June 18, 2003 at the plaintiffs' home

35. The defendant Jiminez Allen failed to disclose to Judge Kinney that Michael Rodgers and Marlene Spencer Rodgers had agreed to allow Bellwood police officers to search their home without a warrant.

36. On June 18, 2003 at approximately 4:59 am, the defendants, Jiminez Allen, Jack Bridson, Tony Gatewood, Frank Jones, Gregory Moore, Cassius Pates, Miguel Hererra, Tony Luciano, Zarrod Beck, Kevin Barnett, R. Collins, C. O'Neal, K. Davis, R. Blass, T. Rajcevich and Fire Chief Harvey, executed the warrant by making a forced entry into the plaintiffs' home.

SERPICO, NOVELLE, PETROSINO & RASCIA, LTD.
ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

37. The defendants never properly announced their office before making the forced entry into the plaintiffs' home.

38. When the defendants entered the plaintiffs' home, the plaintiffs Marlene Spencer Rodgers and Michael Rodgers were asleep, upon being awakened by the noise the plaintiffs, Michael Rodgers and Marlene Spencer Rodgers thought that their home was being invaded by home invaders who intended to do them and their family harm; and Michel Rodgers told his wife to get on the floor and he grabbed his service revolver and went to the bedroom doorway and fired several shots into the kitchen, where the home invaders were in an attempt to scare them off.

39. At that time, for the first time, Michael Rodgers heard someone say "it's the police" and he dropped his gun, said "don't shoot", "don't shoot" and walked into the kitchen with his hands up.

40. The defendant, Cassius Pates, was lying on the floor of the kitchen and raised his gun and pointed it at Michael Rodgers, Michael Rodgers then turned with his hands still up and was shot.

41. Marlene Spencer Rodgers and Mark Spencer were handcuffed, removed from the home, taken to the police station, detained and questioned and refused access to our allowed to make any phone calls..

42. Michael Rodgers was beaten and kicked and handcuffed and subsequently arrested and charged with multiple crimes including attempted murder, aggravated battery, aggravated discharge of a fire arm and official misconduct.

43. On June 17, 2003, the defendants knew that Sean Spencer denied any involvement in the shooting of Cedric Ashford and knew that Sean Spencer had an alibi for the time that Cedric Ashford was shot and in fact had viewed video tape of Sean Spencer at a movie theater during the time period when Cedric Ashford was shot.

SERPICO, NOVELLE, PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

44. By reason of the above described acts and omissions of the defendants, the plaintiff suffered injuries, including, but not limited to the gun shot wounds to Michael Rodgers, Michael Rodgers loss of employment with the Cook County Sheriff's Department, his being charged with crimes and being incarcerated, his having to defend himself against such crimes and incur attorneys fees; further plaintiffs suffered great physical, mental and emotion pain and suffering all to their damage in an amount to be ascertained.

45. The aforementioned acts of the defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for the plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to the proof at the time of trial.

46. By reason of the above described acts and omissions of the defendants, plaintiff's were required to retain attorneys to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiff's request payment by defendants, and each of them, of reasonable sum for attorney's fees and costs, pursuant to 42 USC Section 1988, the Equal Access to Justice Act or any other provisions set by law.

## COUNT I

## PLAINTIFF'S VS. DEFENDANTS FOR EXCESSIVE USE OF FORCE AND UNREASONABLE SEARCH

47. The plaintiff's hereby incorporate and realleges paragraphs one through forty-four here at as though fully setforth herein.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

48. By reason of defendants' conduct, plaintiff's were deprived of rights, privileges and immunity secured them by the Fourth Amendment of the Constitution of the United States and laws enacted there under.

49. The shooting and beating of Michael Rodgers and the invasion of the home of the plaintiffs was unreasonable and unnecessary and was in violation of the plaintiff's Fourth Amendment rights. Therefore, defendant, and each of them are liable to the plaintiffs pursuant to 42 USC Section 1983 et sec.

## COUNT II

### PLAINTIFFS AGAINST DEFENDANTS FOR FALSE ARREST

50. The plaintiffs hereby incorporate and realleges paragraphs one through forty-four for the factual allegations here at though fully setforth herein.

51. By reason of defendants' conduct, in arresting and detaining the plaintiffs and arresting and charging Michael Rodgers with the crimes setforth herein above, the plaintiff's were deprived of rights, privileges and immunities secured them by the Fourth Amendment to the Constitution of the United States and laws enacted there under.

52. The detention and arrests of the plaintiffs were unreasonable and unnecessary and were therefore in violation of the plaintiffs' Fourth Amendment Rights. Therefore, defendants, and each of them are liable to the plaintiff's pursuant to 42 USC Section 1983 et sec.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

## COUNT III

### PLAINTIFFS AGAINST THE VILLAGE OF BELLWOOD FOR VIOLATION OF CIVIL RIGHTS

53. The plaintiff's hereby realleges and incorporate paragraphs one through Forty-four here at as though fully setforth herein.

54. The Village of Bellwood knowingly and with deliberate indifference to the Constitutional Rights of Citizens maintains and/or permits a policy or custom of permitting the types of wrongs setforth above.

55. In this regard, plaintiff's are informed and believed and alleged thereof that the Village of Bellwood failed to train its officers in the proper use of deadly force, failed to insure through policy and custom the proper use of deadly force, failed to train its officers in proper investigative techniques and use of search warrants; and failed to supervise and monitor its officers in the use thereof.

56. The plaintiffs alleged that the customs, policies and lack of training described above were the moving forces behind the violations of plaintiffs' rights. Based upon the principal setforth in _Monell vs. New York Department of Social Services_, Village of Bellwood is therefore is liable for all the injuries suffered by plaintiffs.

## COUNT IV

### PLAINTIFF'S AGAINST VILLAGE OF BELLWOOD FOR SUPPLEMENTAL STATE LAW CLAIM, ASSAULT BATTERY, FALSE ARREST AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. The plaintiffs hereby incorporates and alleges paragraphs one through fifty-four here at as though fully setforth herein.

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

58. On June 18, 2003, the defendants owed a duty of care to the plaintiffs to exercise reasonable care in their interaction with the plaintiffs.

59. In disregard of this duty, the defendants action acted intentionally, willfully and wantonly in doing the following (a) obtaining a search warrant to search the plaintiff's home when it was not necessary to do so; (b) executing a search warrant at 5:00 in the morning, when it was unnecessary to do so; and when they knew that the plaintiff's were living with fear of home invaders; (c) executing the warrant in the manner in which they did so when there were other less dangerous and evasive options available; (d) shooting the plaintiff, Michael Rodgers with no legal cause; (e) beating the plaintiff, Michael Rodgers with no legal cause; (f) unlawfully arresting and detaining the plaintiff's; (g) improperly causing the plaintiff, Michael Rodgers to be charged with crimes; (h) intentionally causing emotional distress to the plaintiffs; and The Village of Bellwood failed to properly supervise, train and had improperly retained officers on the police department.

60. All of the above was done without legal cause or justification.

61. As a result of the foregoing the plaintiffs were injured as setforth above.

WHEREFORE, the plaintiffs, MICHAEL RODGERS, MARLENE SPENCER RODGERS AND MARK SPENCER ask this Court to enter judgment against the defendants, and each of them on all claims:

(1) That the defendants be required to pay plaintiffs, and each of them, general damages, including emotional distress in the sum to be ascertained;

(2) That the defendants be required to pay plaintiffs, and each of them, special damages;

(3) That the defendants be required to pay the plaintiffs, and each of them, attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, The Equal Access to Justice Act or any other applicable provision;

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
01 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1000

(4) That the defendants (except for the Village of Bellwood) be required to pay the plaintiffs punitive damages and exemplary damages in an amount to be ascertained;

(5) That the defendants be required to pay plaintiffs cost of this suit herein; and

(6) The plaintiffs have such other and further relief as this Court may deem just and proper.

_____
One of their attorneys

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600