IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Rodgers, Marlene Spencer-Rodgers, and Mark Spencer, by and through Marlene Spencer-Rodgers, his Guardian Ad Litem, <br><br> Plaintiffs, <br><br> vs. <br><br> Jiminez Allen, Frank Jones, Gregory Moore, Cassius Pate, Jack Bridson, Anthony Gatewood, Miguel Hererra, Tony Luciano, Zarrod Beck, Kevin Barnett, R. Collins, C. O'Neal, K. Davis, R. Blass, T. Rajcevich, Fire Chief Harvey, and the Village of Bellwood, <br><br> Defendants. | No. 05 C 3540 <br><br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Rodgers, Marlene Spencer-Rodgers, and Mark Spencer ("Plaintiffs") filed a four-count complaint against the Village of Bellwood, ("the Village"), Village Police Officers Jiminez Allen, Frank Jones, Gregory Moore, Cassius Pates, Jack Bridson, Anthony Gatewood, Miguel Hererra, Tony Luciano, Zarrod Beck, Kevin Barnett, R. Collins, C. O'Neal, K. Davis, R. Blass, T. Rajcevich, ("Village Officers") and Fire Chief Harvey (collectively "Defendants") alleging violations of 42 U.S.C. § 1983 by use of excessive force and an unreasonable search (Count I), and false arrest (Count II). In addition, Plaintiffs alleged that the Village acted in violation of § 1983 (Count III) and also asserted claims of assault/battery, false arrest, and intentional inflection of

1

emotional distress under state law (Count IV). Defendants have filed a motion to dismiss Counts II, III, and IV against them pursuant to *Fed. R. Civ. P. 12(b)(6)*. For the reasons stated herein, Defendants' motion to dismiss is GRANTED.

## I. Factual Background

In resolving a motion to dismiss, the Court takes as true the following facts from Plaintiffs' complaint. In 2003, Michael Rodgers, then employed as a Deputy Sheriff of Cook County, resided in the Village of Bellwood along with his wife, Marlene Spencer-Rodgers, and her two sons, Mark and Sean Spencer. In April 2003, Plaintiffs contacted the Village Police after unknown individuals shot out the front window of their residence. Plaintiffs reported that this incident may have resulted from an alleged gang dispute between Sean Spencer and a gang member. On June 1, 2003, the gang member, with whom Sean Spencer was believed to have had a dispute with, was shot and killed in the Village. In early June 2003, Village Officers Jiminez Allen, Jack Bridson, and Anthony Gatewood interviewed Michael and Marlene Spencer-Rodgers ("the Rodgers") regarding Sean Spencer's possible involvement in the shooting death of this individual.[1] The Rodgers denied any knowledge of the occurrence and expressed concern about potential retaliation against their family for the murder.

On June 6, 2003, Officers Allen, Bridson, and Gatewood returned to the Rodgers residence, and requested to search the residence. The Rodgers informed Village Officers that they had already searched Sean Spencer's room and had found nothing related to the shooting. After the Village Officers informed the Rodgers that they did not have a warrant to conduct a search, the Rodgers

---

[1] On or around June 3, 2003, Sean Spencer was arrested in Bolingbrook, Illinois and held in custody at the Will County jail during all relevant times mentioned herein.

2

denied them access to search their residence. According to Plaintiffs, approximately fifteen minutes later, the Rodgers called the Village police department and informed them they would allow the Village Officers to conduct a search of their residence.

On June 17, 2003, Officer Jiminez Allen secured a search warrant for the Rodgers' residence. According to Plaintiffs, Officer Allen failed to disclose to the Judge issuing the warrant that the Rodgers had subsequently agreed to allow the Village Officers to search their home without a warrant. Plaintiffs further claimed that, on this date, Defendants were aware that Sean Spencer denied any involvement in the shooting death, and also knew that Spencer had an alibi for the time when the shooting occurred.

On June 18, 2003, at approximately 4:59 a.m., Village Officers executed the search warrant at the Rodgers' residence without properly announcing their entry. The Rodgers awakened to the noise, believing that their home was being invaded by unidentified individuals who intended to harm their family. Michael Rodgers grabbed his service revolver and fired into the kitchen where the noise originated. It was at this point that Michael Rodgers claimed that he first heard someone announce "it's the police." Micheal Rodgers then dropped his gun, stated "don't shoot, don't shoot," walked into the kitchen with his hands raised in the air, and observed Officer Cassius Pates lying on the kitchen floor. According to Plaintiffs, Officer Pates then raised his gun and shot Rodgers, while Rodgers' hands were still raised in the air. Next, Plaintiffs claim that Village Officers physically beat Michael Rodgers; after which he was arrested and charged with several crimes including attempted murder, aggravated battery, aggravated discharge of a firearm, and official misconduct. Marlene Spencer-Rodgers and Mark Spencer were subsequently handcuffed and taken to the police station where they were detained and questioned.

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## III. Analysis
### A.     False Arrest

Defendants contend that because the Village Officers had probable cause for Michael Rodgers' arrest, Plaintiffs are unable to establish a claim for false arrest. In response, Plaintiffs argue that the Village Officers' request for a warrant was improper because the Officers were aware that Plaintiffs subsequently agreed to allow a search of their premises, and that Sean Spencer had an alibi for the time of the shooting. Plaintiffs further argue that Michael Rodgers' shot Officer Pates in self-defense, and that Rodgers was charged in an attempt to conceal the improper actions of the Village Officers in executing the warrant and Officer Pates' alleged improper shooting of Michael Rodgers.

To state a claim for false arrest under § 1983, a plaintiff must allege lack of probable cause for his arrest. *Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). The Seventh Circuit has held that

the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest. *See Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997); *Smith v. City of Chicago*, 913 F.2d 469, 473 (7th Cir. 1990). Probable cause to arrest exists if the facts and circumstances within the officer's knowledge and reasonable trustworthy information he or she has are sufficient to warrant a prudent person in believing that the suspect has committed or was committing a crime. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996).

Even while viewing the facts in the light most favorable to plaintiff, Plaintiffs' allegations do not survive a motion to dismiss. Where a plaintiff alleges facts that establish that a defendant is entitled to prevail on a motion to dismiss, the court may find that the plaintiff has plead himself out of court. *Bennett*, 153 F.3d at 519. The Plaintiffs have done so in the instant case. Here, Plaintiffs' complaint alleges that upon being awakened by a noise in his kitchen, Michael Rodgers "grabbed his service revolver and went to the bedroom doorway and fired several shots into the kitchen." (Compl. ¶ 38). The complaint further alleges that after shooting his gun, Michael Rodgers heard someone state "it's the police," he then dropped his gun, said "don't shoot," and "walked into the kitchen with his hands up" (Compl. ¶ 39). Michael Rodgers then observed Officer Pates "lying on the floor of the kitchen." (Compl. ¶ 40). Lastly, the complaint asserts that Michael Rodgers was arrested and charged with "attempted murder, aggravated battery, aggravated discharge of a firearm, and official misconduct." (Compl. ¶ 42). Plaintiffs fail to allege any facts suggesting that the Defendant Village Officers did not have probable cause to arrest Michael Rodgers for the shooting of Officer Pates. Indeed, in light of the facts proffered by Plaintiffs, the Village Officers had "reasonable trustworthy information" that Michael Rodgers shot Officer Pates. The Village Officers, therefore, had probable cause for the arrest of Rodgers.

Further, Plaintiffs construe Defendants argument as an assertion that because the Officers had a warrant for their entry, their actions are protected by a qualified immunity. *See Behrens v. Pelletier*, 516 U.S. 299, 305, 133 L.Ed.2d 773, 116 S. Ct. 834 (1996)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S. Ct. 2727 (1981)(Government actors performing discretionary functions, such as police officers, are shielded from liability by qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Defendants, however, do not argue that they are protected by qualified immunity. Defendant Officers argue that they had a warrant to enter the Rodgers' residence, and that upon entry into the house Michael Rodgers shot Officer Pates. Plaintiffs' argument fails because the fact remains that the Village Officers had probable cause to arrest Michael Rodgers for violations of the law and; therefore, Plaintiff is unable to establish a violation of § 1983. *See Potts*, 121 F.3d at 1113. Accordingly, the Court dismisses the false arrest claim under Count II.

**B.     Municipal Liability**

In Count III, Plaintiffs assert municipal liability claims against the Village of Bellwood. Defendants move to dismiss this count pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694, 56 L.Ed. 2d 611, 98 S. Ct. 2018 (1978) and its progeny.

The touchstone of a § 1983 action against a governmental body is an allegation that "official policy" is responsible for a deprivation of a right protected by the Constitution. *Id.* A municipality can be said to have violated the civil rights of a person because of its policy where: 1) an express policy that, when enforced, causes a constitution deprivation; 2) a widespread practice that, although not authorized by written law or express municipal, is so permanent and well settled as to constitute a custom of usage with the force of law; or 3) an allegation that the constitutional injury was caused

by a person with "final policymaking authority." *McGreal v. Ostrov*, 368 F.3d 657, 684 (7th Cir. 2004). Plaintiffs may not establish a municipal liability unless they can demonstrate that the enforcement of its policy was the "moving force" behind the constitutional violation. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 85 L.Ed. 2d 791, 105 S. Ct 2427 (1985).

The Seventh Circuit has held that courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability. *McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000)*(citing Leatherman v. Tarrant County Narc. Intelligence and Coordination Unit*, 507 U.S. 163, 164, 122 L.Ed.2d 517, 113 S. Ct. 1160 (1993)). The *McCormick* court also reasoned that while Plaintiffs are not required allege all of the facts entailed by the claim, a plaintiff is required to set forth operative facts for the basis of the claim. *Id*. Plaintiffs' complaint alleges that the Village of Bellwood failed "to train its officers in the proper use of deadly force;""to insure through policy and custom the proper use of deadly force; "to train its officers in proper investigative techniques and use of search warrants;" and "to supervise and monitor its officers in the use thereof." (Compl. ¶ 55). In addition, the Complaint generally alleges that "the customs, policies and lack of training described above were the moving forces behind the violations of plaintiffs rights." (Compl. ¶ 56). Here, Plaintiffs' allegations are insufficient to provide the Defendants with notice as to the nature of the *Monell* claim that has been filed against the Village of Bellwood. *See McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)*(quoting Baxter by Baxter v. Vigo County School Corp*, 26 F.3d 728, 736 (7th Cir. 1994)"(superceded by statute on unrelated issue)("Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient . . . The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts."). Plaintiffs sets forth no facts

7

providing fair notice of any policy or practice that allegedly resulted in the deprivation of Plaintiffs' constitutional rights. Therefore, the Court dismisses Count III of Plaintiffs' complaint.

## C. Illinois State Law Claims of claims of assault/battery, false arrest, and intentional inflection of emotional distress

Defendants contend that Plaintiffs' state law claims are untimely. Specifically, Defendants argue that Plaintiffs' state law claims are time-barred by the one-year statute of limitations set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), 745 ILCS 10/8-801, which provides in pertinent part:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purpose of this Article, the term "civil action" includes any action, whether based on the common law statutes or constitution of this State.

Plaintiffs, in their response to the instant motion, concede that their state law claims are precluded by the applicable statute of limitations. Accordingly, this Court dismisses Count IV against the Defendants with prejudice.

## CONCLUSION

For the above-stated reasons, Defendants' motion to dismiss for failure to state claim is granted as to Counts II, III, and IV. The dismissal of Counts II and IV are with prejudice. Plaintiff has fourteen days from the date of this Memorandum Opinion and order to amend his section 1983 claims against the Village of Bellwood in accordance with this Order. If Plaintiff does not amend the claim within that period, the dismissal of Count III will be with prejudice.

IT IS SO ORDERED.

7/14/06
Dated

The Honorable William J. Hibbler
United States District Court.