

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL RODGERS, MARLENE SPENCER-RODGERS, AND MARK SPENCER, by and Through Marlene Spencer-Rodgers, his guardian Ad Litem,

    Plaintiffs,

v.

JIMENEZ ALLEN, FRANK JONES, GREGORY MOORE, CASSIUS PATES, JACK BRIDSON, ANTHONY GATEWOOD, TONY LUCIANO, ZARROD BECK, KEVIN BARNETT, R. COLLINS, C. O'NEAL, K. DAVIS, R. BLASS, and THE VILLAGE OF BELLWOOD,

    Defendants.

No. 05 C 3540

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

On May 21, 2009, the Court reconsidered and denied Defendants' motions to deem certain facts admitted under Federal Rule of Civil Procedure 36(a)(3) and Local Rule 56.1(b). Defendants move for reconsideration of that decision. Plaintiffs oppose that motion and, in the alternative, file a motion for withdrawal of facts deemed admitted pursuant to Federal Rule of Civil Procedure 36(b). For the reasons set forth below, the Court denies Defendants' motion, thus rendering Plaintiffs' motion moot.

### *BACKGROUND*

Plaintiffs filed this lawsuit in 2005, alleging violations of their constitutional rights during a search of their home by Defendants early on the morning of June 18, 2003. They allege that Defendants made an unannounced, forced entry into Plaintiffs' home at 5:00 a.m., and that the search was unreasonable and unnecessary. Awakened by the forced entry, Plaintiff Michael

1

Rodgers claims he believed his home was being invaded. The Complaint states that he left his bed, grabbed the service revolver he used as a Cook County Deputy Sheriff, and began shooting blindly into the kitchen in an attempt to scare off the home invaders. He shot one of the officers twice. When he heard the police yelling that they were indeed police, Mr. Rodgers allegedly stopped shooting, dropped his gun, and repeatedly said, "Don't shoot," as he walked into the kitchen with his hands raised. At that point, Plaintiffs claim, one of the defendants shot Mr. Rodgers. The police then allegedly handcuffed all three of the plaintiffs, and beat and kicked Mr. Rodgers.

More than four years have passed since Plaintiffs filed their complaint. Much of the reason for the protracted nature of the proceedings has been the failure of Plaintiffs' previous counsel to adequately represent their interests. On at least four occasions, counsel failed to appear for scheduled court dates. Counsel also missed a number of court-ordered deadlines.

This incompetent representation did not simply delay the disposition of this lawsuit, however. Ultimately, counsel's failures impacted their clients' case. On June 18, 2008, the Court deemed certain facts admitted due to counsel's failure to respond to requests to admit served upon Plaintiffs. *See* Fed. R. Civ. P. 36(a). On April 14, 2009, the Court deemed as admitted Defendants' Rule 56.1 statement of facts due to counsel's failure to timely file Plaintiffs' statement of facts in opposition. *See* Local Rule 56.1(b)(3). In fact, counsel failed to file any response to the summary judgment motion, but the Court granted counsel an additional week, until April 21, to prepare a response. On May 7, still lacking a response to their summary judgment motion, Defendants requested a hearing on that motion.

The Court was thus placed in an awkward position that led to the ruling challenged here. Due to the rulings discussed above, Plaintiffs had effectively pleaded themselves out of court

with regard to at least a large portion of their complaint. *See* Fed R. Civ. P. 36; Advisory Committee's Note, 48 F.R.D. 487, 534 (1970) ("In form and substance a Rule 36 admission is comparable to an admission in pleadings"). They had admitted that none of the individual defendants physically abused Michael Rodgers. They had admitted that one of the defendants was not present, and that a number of them were not part of the entry team that executed the search warrant. The admitted Local Rule 56.1 statement of facts stated that the team that did execute the search knocked and announced themselves before forcing entry. The statement omitted any facts from Mr. Rodgers's deposition testimony that he turned around with his hands up and his back to the police before he was shot.

In depositions attached to Defendants' summary judgment motion, Plaintiffs testified to facts in direct opposition to those to which they admitted through their counsel's failure to respond. In a settlement conference before the Court, Plaintiffs also made clear that a number of these facts were disputed. The Court was troubled by these glaring disparities between the record created through admissions and the facts as stated by Plaintiffs to the Court and under oath; and by the repeated failures of counsel to appear for hearings, meet deadlines, and otherwise adequately represent their client's interests. The Court suspected that Plaintiffs might not be aware of their attorneys' blunders and the attendant consequences. Thus, on May 12, the Court ordered that Plaintiffs appear with counsel for the next hearing so that the issue could be addressed before the Court ruled on Defendants' motion.

On May 21, Plaintiffs and one of their attorneys, Stephen Debboli, appeared before the Court. Mr. Debboli admitted that he had not provided adequate representation to his client. He requested that they not be "punished" for his mistakes, and that he be given time to finish his response to the summary judgment motion. He also informed the Court that he had suggested to

his clients that they might want to obtain new representation. The Court then summarized the proceedings to Plaintiffs and Plaintiffs informed the Court that they were unaware that they had been prejudiced by their attorneys' errors as described above. Upon hearing this, and Mr. Debboli's plea that he be punished in lieu of his clients, the Court revisited and reversed its prior rulings regarding Plaintiffs' admissions and granted Plaintiffs 28 days to obtain new representation. Defendants challenge the reversal here.

## DISCUSSION

### I. Standard of review

The Court's order of May 21, 2009 was an interlocutory order, not a final judgment. Thus, unlike a motion for reconsideration of a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, this motion seeks relief pursuant to the Court's authority under Rule 54(b).[1] Freed from the strictures of Rules 59 and 60, the Court may entertain or grant this motion as justice requires. *Acme Printing Ink Co. v. Menard, Inc.*, 891 F. Supp. 1289, 1295 (E.D. Wis. 1995) (citing Note of Advisory Committee to the 1946 Amendment to Rule 60(b)); *see also Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). While the district court has discretion in such matters, however, the "law of the case" doctrine suggests that motions for reconsideration should rarely be granted, and only for good cause. *Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008); *Cameo*, 800 F.2d at 110. Thus, the Court will deny Defendants' motion "absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination." *Tyrer*, 516 F.3d at 663. The Seventh

---

[1] Rule 54(b) reads, in relevant part, as follows: "…any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Circuit defines manifest error as the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## II. Analysis

### A. Relevance of attorney negligence

The Court first must address Defendants' argument that it was inappropriate for the Court to take Plaintiffs' former attorneys' negligence into account in making its ruling. Defendants are correct that as a general matter, in our system of representative litigation, "each party is deemed bound by the acts of his lawyer." *Link v. Wabash R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). However, the proper application of this principle in this case is more complex than Defendants imply.

Defendants cite a series of Seventh Circuit cases that hold that, in granting a Rule 60(b) motion for relief from a judgment because of "excusable neglect," a district court may not rely on an attorney's negligence. *See, e.g., U.S. v. 7108 W. Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994); *see also* Fed. R. Civ. P. 60(b)(1). As discussed in *Robb v. Norfolk & Western Railway Co.*, 122 F.3d 354, 359 (7th Cir. 1997), however, the Supreme Court overruled these cases in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 397, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The *Pioneer* Court held that finding attorney negligence to be "excusable neglect" was not a departure from the general principle pronounced in *Link* because the "focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id.* at 397 (emphasis in original). Following some seemingly contrary precedent in the Seventh Circuit that post-dated *Pioneer*, *Robb* clarified this relatively muddy area of case law by stating that "a trial court has *discretion* to consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not)

5

'excusable neglect.'" 122 F.3d at 359 (emphasis in original) (also noting and explaining the apparent discrepancies in post-*Pioneer* case law).

This case does not involve a Rule 60(b) motion. However, if it is within the Court's discretion to grant relief from a final judgment on the basis of missed deadlines due to attorney negligence, it logically follows that it is not an abuse of discretion for the Court to grant relief on the same grounds in order to avoid entering judgment. Otherwise, Plaintiffs would have to wait until the Court entered summary judgment and then file a Rule 60(b) motion, at which point the Court would have the discretion to issue an order producing the same result achieved here.

## B. Rule 36 admissions

Rule 36 provides the standard for withdrawing admissions made under the rule:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e) [governing final pretrial conferences and orders], the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Thus, the Court must decide whether it properly considered the two factors listed above in making its decision to withdraw Plaintiffs' Rule 36 admissions. The Court must also decide whether it made its ruling "on motion," and if not, whether it committed manifest error by proceeding as it did.

### 1. Withdrawal "on motion"

Before addressing whether the Court properly weighed the promotion of the presentation of the merits with any prejudice to Defendants in deciding to withdraw the Rule 36 admissions of Plaintiffs, the Court must address whether the issue was properly before it in the first place.

Defendants argue that Rule 36(b) prohibits the Court from permitting withdrawal of admissions unless there is a motion seeking that relief and that there was no such motion in this case.

Defendants are correct that "the proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion." *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (citing Fed R. Civ. P. 36(b)). In fact, the Fifth Circuit Court of Appeals has reversed a district court for granting a withdrawal *sua sponte*, although in that case the court withdrew the admissions after trial. *Amer. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Cooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). However, the Sixth Circuit declined to apply the reasoning in *AAA* when faced with an appeal of a district court's decision to withdraw admissions before trial based on statements an attorney made during oral argument. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153-54 (6th Cir. 1997); *see also Bergemann v. U.S.*, 820 F.2d 1117, 1121 (10th Cir. 1987) (interpreting both a response to a summary judgment motion and statements during hearings to constitute motions to withdraw Rule 36(b) admissions); *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 953-54 (7th Cir. 1982) (despite no Rule 36(b) motion being filed, court's decision to allow amendment to an answer contradicting prior admission was tantamount to permitting withdrawal of admission as well).

This case does not present precisely the same relevant facts as *AAA* or *Kerry Steel*. Unlike in *AAA*, the Court decided to withdraw the admissions well before trial, and did not act "entirely on its own." *See Kerry Steel*, 106 F.3d at 154 (distinguishing *AAA* on these same grounds). On the other hand, the statements by Plaintiffs and Mr. Debboli upon which the Court relied in making its ruling cannot be characterized as an oral motion so easily as those in *Kerry Steel*. The attorney in *Kerry Steel* apparently explicitly argued that the requests for admission should not be deemed admitted, but never formally moved for withdrawal pursuant to Rule

7

36(b). *Id.* Here, Mr. Debboli simply implored the Court to "punish" him rather than his clients, and at the same time requested additional time to finish a response to the summary judgment motion. Defendants argue that Mr. Debboli was only requesting additional time, and nothing more. Mr. Debboli did not make the breadth of his request that his clients not be punished entirely clear. Given his failure to adequately represent his clients' interests and Plaintiffs' statements regarding their ignorance of the admissions made on their behalf, however, the Court interpreted the statements made by Mr. Debboli, as well as those of Mr. Rodgers, broadly. Litigants who do not have adequate legal representation are to be given broader leeway in matters such as these. *See, e.g., Timms v. Frank,* 953 F.2d 281, (7th Cir. 1992) (holding that *pro se* litigants are entitled to notice of the consequences of failing to respond to a summary judgment motion); Local Rule 56.2 (codifying the holding in *Timms*); *Brown v. Hertz,* Civil No. 07-117-GPM, 2009 WL 1748505, *4 (S.D. Ill. June 22, 2009) (extending *Timms* notice requirement to *pro se* litigants served with Rule 36(a) requests to admit). Moreover, Defendants' concerns that the Court misunderstood Plaintiffs when it acted to undo previous admissions have been nullified because Plaintiffs have since filed a formal motion for withdrawal of the admissions. *Cf. Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) ("[a] motion for reconsideration serves a valuable purpose where the Court has patently misunderstood a party") (internal quotation marks omitted). Given the unfortunate and unusual circumstances present in this case, the Court did not commit manifest error in making its decision before the filing of a formal written motion.

### 2. Promotion of the presentation of the merits

Having decided that the Court did not act erroneously in addressing the issue of withdrawing Plaintiffs' Rule 36 admissions, the Court must now consider whether it based its decision properly on the two factors outlined in Rule 36(b). The first factor to be considered is

whether withdrawal of the admissions "promote[s] the presentation of the merits of the action." Fed. R. Civ. P. 36(b). In this case, there can be no doubt that the Court relied on this factor in making its decision and properly concluded that withdrawal of the admission would promote the presentation of the merits. Defendants cite *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007), for the proposition that the first prong of Rule 36(b) is satisfied when upholding the admissions would eliminate any need for a presentation on the merits. *See also Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995). The decision in *Conlon* supports the Court's decision in the instant case. In fact, Defendants moved for summary judgment on many of the ultimate issues in this case solely on the basis of the admissions made by Plaintiffs. Defendants are correct that "a *per se* rule that a court must permit withdrawal of an admission simply because it relates to an important matter in the litigation is inappropriate in light of the discretionary language of [Rule 36] and its purpose." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 123 F.R.D. 97, 108 (D. Del. 1988) (quoting *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660). However, in a case such as this, where admissions were made on elemental issues unbeknownst to the litigants making the admissions, the Court was well within its discretion to find the first prong of the test satisfied.

Defendants argue that in withdrawing the admissions, the Court improperly denied a motion for summary judgment based on its own judgment of witness credibility. This is a mischaracterization of the Court's actions. The Court did not deny Defendants' summary judgment motion based on an assessment as to the credibility of Plaintiffs' deposition testimony or Plaintiffs' statements to the Court. Instead, the Court withdrew Plaintiffs' admissions based on a recognition of the fact that Plaintiffs' had indeed indicated through those statements that they disputed the Defendants' characterization of the facts. The Court did not accept the

Plaintiffs' testimony to be true, but took this apparent dispute as a sign that a presentation of the merits of the case would be promoted by a withdrawal of the admissions. If the Court were prohibited from taking evidence of a dispute into account, it would be virtually impossible to satisfy the first prong of the test set forth by Rule 36(b).

### 3. Prejudice to Defendants

The second factor to be considered is whether the Court's decision will prejudice Defendants in defending the action on the merits. The First Circuit clarified this factor:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Brook Village. N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). While the issue has not been addressed directly by the Seventh Circuit, there is wide agreement among the Courts of Appeals that in considering the second factor, "district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623 (compiling cases). The rule itself makes clear that a different standard is to be applied once a case has reached the stage of a final pre-trial conference or order. Fed. R. Civ. P. 36(b) (subjecting withdrawal to the requirements of Rule 16(e)). Accordingly, courts have applied a more stringent standard in cases where the request to withdraw admissions comes after a trial has begun. *See, e.g., 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) (citing *Brook Village*, 686 F.2d at 70-73).

On the other hand, when there is substantial time available for the party that obtained the admissions to discover evidence in preparation for trial, courts are more willing to allow withdrawals. For instance, the Eighth and Tenth Circuits have held that a party is never prejudiced merely by the fact that they prepared a summary judgment motion in reliance on

10

admissions. *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (addressing the issue following request for relief from a stipulation, but relying on analogy to relief from a Rule 36 admission); *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). In *Conlon*, the Ninth Circuit expressed a reluctance to find prejudice even when a litigant forwent discovery in reliance on an admission, such as Defendants claim in this case, because the district court could have re-opened discovery. 474 F.2d at 624 (ultimately finding district court did not abuse discretion in denying request to withdraw, in part because at time of order only eight days remained until trial).

The party that obtained the admissions has the burden of showing prejudice. *Hadley*, 45 F.3d at 1348 (citing *Prusia*, 18 F.3d at 640). Defendants argue that they are prejudiced by the fact that Defendant Herrera has already been voluntarily dismissed due to the effect of the admissions, by the delay caused by Plaintiffs' actions, and by their decision to forgo certain discovery. They also seem to intimate that they are prejudiced by the fact that they have spent a good deal of money as a result of the mistakes of Plaintiffs' former attorneys. The Court is not persuaded that Defendants are prejudiced under these circumstances, let alone that the Court committed manifest error in its ruling.

First, the Court finds no prejudice to Defendants due to the dismissal of Defendant Herrera. The Court did not dismiss Herrera on the basis of the admissions at issue. Plaintiffs voluntarily dismissed him. Moreover, despite the fact that the admissions were deemed admitted at that point, Plaintiffs did not decide to voluntarily dismiss the remaining Defendants.

Second, while delay that affects discovery can be a factor in finding prejudice under Rule 36(b), *see, e.g., Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, *3 (N.D. Ill. July 20, 2006) (citing *Tidwell v. Daley*, No. 00 C 1646, 2001 WL 1414229, *1 (N.D.

11

Ill. 2001)), the Court does not find the prejudice to be so great in this case as to make the withdrawal of admissions manifest error. If Defendants wish to obtain discovery they believe they have forgone in reliance on Plaintiffs' admissions, they may make such a request.

Finally, and similarly, Defendants also have remedies available to them if they believe that Plaintiffs' former attorneys should be held responsible for the costs resulting from their mistakes. Defendants have not shown, however, that by suffering these costs, they have been prejudiced in their ability to prepare for trial.

### C. Local Rule 56.1 admissions

As Defendants admit, their Local Rule 56.1 statement of facts was based in large part on the Rule 36 admissions. After the Court decided to withdraw the Rule 36 admissions, it would have been improper to allow Defendants to rest on a statement of facts that contained many unsupported facts. Thus, it was not an abuse of the discretion afforded to the Court by Rule 54(b) to reverse its earlier decision admitting that statement of facts. *See* Fed. R. Civ. P. 54(b) (allowing revision of interlocutory orders prior to final judgment).

## *CONCLUSION*

For the above reasons, the Court denies Defendants' motion for reconsideration. Plaintiffs' motion for withdrawal is therefore moot.

IT IS SO ORDERED.

7/21/09
Dated

Hon. William J. Hibbler
United States District Court