

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL RODGERS, MARLENE SPENCER-RODGERS, AND MARK SPENCER, by and Through Marlene Spencer-Rodgers, his guardian Ad Litem,

    Plaintiffs,

v.

JIMENEZ ALLEN, FRANK JONES, GREGORY MOORE, CASSIUS PATES, JACK BRIDSON, ANTHONY GATEWOOD, TONY LUCIANO, ZARROD BECK, KEVIN BARNETT, R. COLLINS, C. O'NEAL, K. DAVIS, R. BLASS, and THE VILLAGE OF BELLWOOD,

    Defendants.

No. 05 C 3540

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

On July 21, 2009, the Court denied Defendants' motion for reconsideration of its decision to withdraw certain facts previously deemed admitted under Federal Rule of Civil Procedure 36(a)(3) and Local Rule 56.1(b). Defendants now petition the court to certify seven questions related to that decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the Court denies Defendants' motion.

### *BACKGROUND*[1]

Plaintiffs filed this lawsuit in 2005, alleging violations of their constitutional rights during a search of their home by Defendants early on the morning of June 18, 2003. Since then, Plaintiffs' previous counsel frequently failed to meet deadlines. These failures resulted in a great

---

[1] For a more complete statement of the case background, see the Court's previous decision in *Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2192622, *1-*2 (N.D. Ill. July 21, 2009).

1

deal of delay and ultimately led the Court to deem certain facts admitted pursuant to Rule 36(a) and Local Rule 56.1(b)(3).

However, in sworn depositions attached to Defendants' summary judgment motion and in statements during a settlement conference before the Court, Plaintiffs made statements in direct opposition to those that they admitted through their counsel's failure to respond. Troubled by these glaring disparities between the record created through admissions and the facts as stated by Plaintiffs to the Court and under oath, the Court ordered that Plaintiffs appear with counsel for the next hearing so that the issue could be addressed before the Court ruled on Defendants' motion.

On May 21, Plaintiffs and one of their attorneys, Stephen Debboli, appeared before the Court. Mr. Debboli admitted that he had not provided adequate representation to his client. He requested that they not be "punished" for his mistakes, and that he be given time to finish his response to the summary judgment motion. He also informed the Court that he had suggested to his clients that they might want to obtain new representation. The Court then summarized the proceedings to Plaintiffs and Plaintiffs informed the Court that they were unaware that they had been prejudiced by their attorneys' errors as described above. Upon hearing this, and Mr. Debboli's plea that he be punished in lieu of his clients, the Court revisited and reversed its prior rulings regarding Plaintiffs' admissions and granted Plaintiffs 28 days to obtain new representation.

Defendants then moved for the Court to reconsider its decision. Plaintiffs, through their new counsel, filed a formal written motion for withdrawal of the Rule 36 admissions along with their response brief. The Court denied Defendants motion. *Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2192622, *1-*2 (N.D. Ill. July 21, 2009).

2

## DISCUSSION

### I. Standard of review

As a general matter, litigants may only appeal a final judgment. 28 U.S.C. 1291; *see also Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 633 (7th Cir. 1984). Section 1292 provides limited exceptions to that rule. 28 U.S.C. § 1292. However, due to the strong federal policy against piecemeal appeals, the Court must construe these exceptions narrowly. *Matterhorn*, 727 F.2d at 633. The Court will only grant Defendants' petition for an interlocutory appeal if it meets all four statutory criteria laid out by section 1292(b). "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original); *see also* 28 U.S.C. § 1292.

Here, Defendants petition the Court to certify seven questions for appeal. However, despite implications to the contrary found in some misleading case law, *see, e.g., Parents for Quality Educ. with Integration, Inc. v. State of Ind.*, 977 F.2d 1207, 1208-09 (7th Cir. 1992) (noting that the "district court certified two questions"), § 1292(b) provides for certification of orders for appeal, not questions. *Edwardsville Nat'l Bank & Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987); *see also* 28 U.S.C. § 1292(b) (referencing "an immediate appeal from the order"); *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009); *Isra Fruit v. Agrexco*, 804 F.2d 24, 25 (2d Cir. 1986). "The question is the *reason* for the interlocutory appeal, but the thing under review is the order." *Edwardsville*, 808 F.2d at 650 (emphasis in original). Thus, the Court will treat Defendants' petition as a request for certification of its May 21, 2009 order withdrawing the Rule 36 admissions and holding that the Local Rule 56.1 statement of facts was no longer admitted. The Court will nonetheless analyze the questions

3

provided by the Defendants' in order to determine whether they present issues justifying certification of that order for interlocutory appeal.

## II. Analysis

Defendants contend that the following seven questions satisfy the four criteria presented by § 1292(b):

1. Whether, under Fed. R. Civ. P. 36, a district court can *sua sponte* vacate plaintiffs' Rule 36 "conclusively established" admissions previously deemed admitted by operation of Rule 36, admitted by the plaintiffs' counsel open court [sic], and confirmed admitted by subsequent order of the court.

2. Whether, under Fed. R. Civ. P. 36, a district court can *sua sponte* refuse to consider defendants' unanswered Rule 36 requests for admissions, (also stated to be admitted by plaintiffs' counsel in open court), as admitted because "knowing what the allegations are from the plaintiffs, after being present for the settlement conference, hearing them tell me what the facts are, the Court is convinced that the defendants' facts to be admitted are not all admitted by the plaintiffs."

3. Whether, under Fed. R. Civ. P. 56, a district court can refuse to deem admitted an unanswered Rule 56.1 Statement of Material Facts (in support of a Motion for Summary Judgment) because "to do so would be a miscarriage of justice based upon the ineffective assistance of counsel."

4. Whether, under Fed. R. Civ. P. 56, a district court can set aside Rule 36 "admissions on file" under Rule 56 to avoid having to grant summary judgment based on those admissions.

5. Whether, under Fed. R. Civ. P. 56, a district court can deny a Rule 56 Motion for Summary Judgment (to which the opposing party never responded), based on its own judgment of witness credibility, holding that the case "raises issues that deserve to be resolved in a trial, not based upon some admissions of fact or some failures on the part of any counsel to perform his or her professional duties."

6. Whether, under Fed. R. Civ. P. 56, a district court can deny a Rule 56 Motion for Summary Judgment (to which the opposing party never responded), because "it would be a miscarriage of

4

> justice to grant summary judgment...based upon the inappropriate performance of counsel."

7. Whether, under Fed. R. Civ. P. 56, a district court can deny a Rule 56 Motion for Summary Judgment (to which the opposing party never responded), when it recognized that under the law it "would have been required to grant their motion for summary judgment," leaving the party's "only remedy to file a lawsuit for malpractice against [its] lawyer."

The Court will only certify its interlocutory order for appeal if one of these questions satisfies all four statutory criteria. In this case, the Court finds that none of the questions proposed by Defendants is a controlling question, as is required by § 1292(b). A question can only be controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson v. Burken*, 930 F.3d 1202, 1206 (7th Cir. 1991). Defendants' questions mischaracterize the Court's order. Thus, these questions are not applicable to the case at bar, the appellate court could not reverse the order on the basis of these questions, and the questions cannot be controlling. A number of the questions fail to meet other criteria as well.

The first two questions proposed by Defendants characterize the Court's action in withdrawing Rule 36 admissions as *sua sponte*. However, the Court expressly noted that it was not acting *sua sponte* in entering its order. *Rodgers*, 2009 WL 2192622 at *4. Instead, the Court interpreted the words of Plaintiffs and their former counsel broadly as an oral motion. *Id.* Defendants may disagree with the Court's interpretation, but the questions set forth in Defendants' petition do not challenge that aspect of the Court's decision. Defendants likely avoided proposing such a question because only pure questions of law which do not require analysis of the record for resolution justify interlocutory appeal. *Ahrenholz*, 219 F.3d at 677. The resolution of these questions is also unlikely to speed up this litigation, as Plaintiffs have since filed a formal written motion for withdrawal of their Rule 36 admissions.

Defendants' third question suffers from a number of defects. First, Defendants quote from the transcript of the May 21st hearing and state that the Court refused to deem their Local Rule 56.1 statement of facts admitted because "to do so would be a miscarriage of justice based upon ineffective assistance of counsel." While it is true that the reasons underlying the Court's order included the ineffective assistance of Plaintiff's counsel, and the miscarriage of justice that might result from forcing Plaintiffs to suffer the consequences of that ineffective assistance, Defendants' statement is not a proper characterization of the reasoning behind the Court's decision. The Court provided a more full explanation of its order in its opinion denying Defendants' motion for reconsideration. In that opinion, the Court explained that the Local Rule 56.1 statement of facts would no longer be deemed admitted because it rested almost entirely on the Rule 36 admissions the Court decided to withdraw. *Rodgers*, 2009 WL 2192622 at *7. Defendant's question is not controlling because it fails to consider the Court's stated reasons for making the order.

Moreover, the question is not contestable. The question addresses the reasons the Court may refuse to deem an unanswered Local Rule 56.1 statement of facts admitted. However, Defendants ask whether the Court's action was appropriate under Rule 56 of the Federal Rules of Civil Procedure. There are not substantial grounds for a difference of opinion on the issue of whether Rule 56 requires statements of facts or provides for their admission based on a failure to respond. Fed. R. Civ. P. 56. These procedures stem from Local Rule 56.1.

Even assuming that Defendants intended to raise the issue of whether the Court's decision was proper under Local Rule 56.1, the question is still not contestable. This court has required movants to provide support of their Local Rule 56.1 statements of facts even when non-movants fail to respond. *See, e.g., Kaminski v. Napolitano*, No. 07 C 3405, 2009 WL 1891799

*1 (N.D. Ill. June 30, 2009) (deeming only those facts supported with evidence as admitted because "Local Rule 56. 1...does not absolve defendant of its burden of putting forth admissible evidence to support the facts in its statement of facts"). Courts of Appeals "afford district courts considerable discretion in interpreting and applying their own local rules, and...will disturb an interpretation only if...convinced that the district court has misconstrued the rule or has perverted the meaning of the words of the rule." *Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001). Moreover, the Seventh Circuit has interpreted Local Rule 56.1 the same way, stating, "[a]ll *supported* facts set forth in a moving party's Rule 56.1 statement 'will be deemed admitted unless controverted by' the opposing party. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (quoting Local Rule 56.1) (emphasis added).

In their fourth question, Defendants ask whether the Court can withdraw Rule 36 admissions in order "to avoid having to grant summary judgment." While the Court was reluctant to grant summary judgment in this case, this question also skews the reasoning the Court set forth for its decision to withdraw those admissions. The Court provided a full memorandum opinion addressing each of the factors for determining whether withdrawal is appropriate under Rule 36. *Rodgers*, 2009 WL 2192622 at *3-*7. Thus, this question is also based on a false premise and cannot be controlling.

Defendants' last three questions are grounded on the idea that the Court denied their motion for summary judgment. In fact, the Court withheld ruling on the motion and affirmed that decision in response to Defendants' counsel's question during the May 21st hearing. May 21, 2009 Hr'g Tr., p. 8. Thus, none of these questions is applicable to the instant case, and cannot be controlling. The fifth question further distorts the reasoning behind the Court's order by stating that the Court based its decision "on its own judgment of witness credibility." The

Court debunked this claim in its earlier opinion just as it dealt with the Defendants' contention that it acted *sua sponte*. Rodgers, 2009 WL 2192622 at *5.

In short, Defendants have provided the Court with questions that rely on inaccurate descriptions of the order they seek to appeal. While this case has taken an interesting and unfortunate turn that caused the Court to make an unusual ruling, Defendants have not shown that the Court's ruling presents the type of questions that make it appealable.

## *CONCLUSION*

For the above reasons, the Court denies Defendants' petition for interlocutory appeal.

IT IS SO ORDERED.

9/2/09
Dated

Hon. William J. Hibbler
United States District Court